**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 7 2023



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50295 |
| Plaintiff-Appellee, | D.C. No. 8:19-cr-00182-CAS-1 |
| v. | |
| MANVEL CARNEL RICHARDSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted November 17, 2023
Pasadena, California

Before: RAWLINSON, CLIFTON, and HURWITZ, Circuit Judges.

Manvel Carnel Richardson (Richardson) appeals his conviction for

possession of ammunition in violation of 18 U.S.C. § 922(g)(1). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a claim of deprivation of counsel in violation of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sixth Amendment. *See United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir. 1998).

If no objection is made in the district court, we review the issue for plain error. *See United States v. Hinkson*, 585 F.3d 1247, 1268 (9th Cir. 2009). "A plain error is (1) an error (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (citation and internal quotation marks omitted).

**1.** Although the district court could have addressed Richardson's request to seek pro bono counsel more artfully, Richardson was not deprived of his Sixth Amendment right to counsel. *See Clark v. Broomfield*, 83 F.4th 1141, 1155 (9th Cir. 2023) (explaining that the Sixth Amendment does not guarantee a criminal defendant the attorney of his choice). The district court declined to delay the proceedings to allow Richardson to seek pro bono counsel, but the record does not reflect that the district court prevented Richardson from continuing to seek pro bono counsel to represent him. Nor did Richardson ever indicate that pro bono counsel was willing to represent him, or present the district court with willing counsel. These circumstances do not rise to the level of a Sixth Amendment violation. *See Miller v. Blacketter*, 525 F.3d 890, 897 (9th Cir. 2008) (noting that

the defendant had "ample opportunity to arrange for an alternative to court-appointed counsel").

**2.**     Richardson argues that the district court plainly erred when it permitted statements by the prosecution addressing Richardson's silence concerning his possession of ammunition.  We have held that "[t]alking is not silence." *Leavitt v. Arave*, 383 F.3d 809, 827 (9th Cir. 2004), *as amended* (per curiam).  In the event "a defendant chooses to speak, the prosecutor can, surely, explore that speech and its implications." *Id*. (citation omitted).  The prosecutor did not impermissibly comment on Richardson's silence.  Rather, the prosecution discussed the absence of information in Richardson's statement regarding his possession of a firearm.

**AFFIRMED.**